## BEAL LAW PROSECUTIONS.

[Circuit Court of Wood County.]

FRANK DALRYMPLE v. THE STATE OF OHIO.

Decided, April Term, 1904.

*Beal Law—Election Thereunder—Failure of Record to Show that a Legal Election was Held—Proof of Election and Its Results—Authority of Council to Order an Election—Presumption of Regularity—Sufficiency of Affidavit—Where the Charge is Keeping a Place Where Liquor is Sold—First and Second Offense—Sentence Imposed.*

1. The fact that an election was held under the Beal Local Option Law, and also the result thereof, may be established by evidence other than the original entry on the records of the municipal council, or a copy thereof certified by the corporation clerk as provided by Section 4364-20a, Revised Statutes, which makes such record or certified copy *prima facie* evidence of such facts. Hence, the failure of the clerk to record, in the proper way and place, the result as reported to him, does not invalidate the election, if an election and the result thereof can be clearly established by other evidence.

2. Where a duly and legally constituted legal body, such as a city or village council, has acted, the presumption is, in the absence of evidence to the contrary, that it has acted lawfully, and had before it sufficient facts to warrant it in acting. This presumption is in the nature of evidence, and until overcome by other evidence, it stands as proof of the fact in question.

3. The presumption is that a petition for an election under the Beal Local Option Law, in due and legal form and signed by forty per cent. of the qualified electors of the municipality, was presented to council as required by Section 4364-20a, Revised Statutes, when it appears from the council record that a petition was presented asking for an election, that it was duly acted upon, and that an election was ordered on a certain date.

4. The names of persons to whom liquors were sold need not be set forth in an affidavit charging the offense of keeping a place for the sale of intoxicating liquors, in violation of the Beal Local Option Law.

5. A fine of $100 on each count of an affidavit charging three separate offenses of keeping a place for the sale of intoxicating liquors, in violation of the Beal Local Option Law, or $300 in the aggregate,

is excessive, when there is no charge or claim that defendant had ever been previously convicted of a violation of said law. In such case the entire charge must be treated as charging a first offense, the maximum fine for which is $200.

6. Where the judgment of a lower court in a criminal prosecution is reversed on error because of the imposition of an excessive sentence, the case will be remanded for proper sentence only.

HULL, J.; HAYNES, J., concurs; PARKER, J., not sitting.

Error to Wood County Common Pleas Court.

This case, by consent of counsel was heard before two judges —Judge Haynes and myself.

The plaintiff in error, Frank Dalrymple, prosecutes error to reverse the judgment of the court of common pleas and the mayor's court of the village of Rising Sun, in this county. He was tried before the mayor of the village of Rising Sun for violating the "Beal Law," so-called, or certain provisions of that law, the charge being that under an election duly held in that village the sale of intoxicating liquors and the keeping of places for the sale of intoxicating liquors had been prohibited, and that the defendant kept and was keeping on the different dates named in the affidavit a place for the sale of intoxicating liquors. There were three counts in the affidavit charging the keeping of a place for the sale of intoxicating liquors on different dates or different periods; in one or two of the counts the period set forth covering more than one day. The defendant was found guilty by the mayor on each one of the three counts; a motion for a new trial was overruled, and he was sentenced to pay a fine of one hundred dollars on each count, making three hundred dollars in all.

The plaintiff in error complains that the record does not show that any legal election had been held in the municipality prohibiting the sale of intoxicating liquors, the chief ground of that complaint being that no evidence was offered that a petition containing forty per cent. of the voters of the municipality had ever been presented to the council praying for an election, and it is claimed that there was no proper evidence before the mayor that any election had been held, or, if there was any election, no proper evidence as to the result of that election.

Section 4364-20a, Revised Statutes, provides that whenever forty per cent. of the qualified electors of any municipal corporation shall petition the council thereof for the privilege to determine by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited within the limits of such municipal corporation, such council shall order a special election to be held, and that the result of the election shall forthwith be entered upon the record of the proceedings of the council; and provides that in all trials for the violation of this act, the original entry of the record, or a copy thereof certified by the clerk of the corporation, provided that said record shows that a majority of the votes cast at said election was against the sale of intoxicating liquors as a beverage, shall be *prima facie* evidence that the selling, furnishing or giving away of intoxicating liquors as a beverage, or the keeping of a place where such liquors are sold, kept for sale, given away or furnished, if such selling, furnishing or giving away or keeping such place occurred after thirty days from the day of holding the election, was then and there prohibited and unlawful.

The clerk of the village, Mr. Parmlee, was called as a witness, and it appeared from his testimony that a report was made to him of the election, and that he entered the result of the election in a book; that it was not the record of the proceedings of the council, but a book that had been kept and used for the purpose of entering elections of this kind at former times, during the terms of his predecessors. This book he could not find, and it was not produced. The clerk testified, however, that an election was held; that the report was made to him in proper form, and that the vote stood eighty against the sale of intoxicating liquors and seventy-four in its favor, making a majority of six.

The records of a meeting of the council were put in evidence showing that a petition was presented to the council asking for an election. No certificate of the record showing the result of the election was produced at the trial except one that the clerk prepared about the time of the trial from the tally sheet or poll book. This certificate was offered in evidence, and is attached to the bill of exceptions.

We are of the opinion that, while the statute makes the certificate, or what is contained in the records of the proceedings of the council *prima facie* evidence of the election, that is not the only way that an election and its results may be proven; that if the clerk fails to record the result as reported to him in the proper book or any book, it does not invalidate the election, if it can be proven clearly by other evidence that an election was held and what the result of that election was. And in this case the tally sheet or poll book was offered in evidence and is attached to the bill of exceptions, and the clerk testified as to the result of that election as reported to him. The evidence shows that an election was in fact held, and that it was conducted by the regular election officers—all of this being shown affirmatively. The mere fact that the clerk does not make a certificate in proper form, or that he has not recorded the result of the election in the proper book, as he was required to do by statute, does not invalidate the election. It requires more than negligence, carelessness, or dereliction of duty of such an officer as a clerk of a municipality to invalidate an election which has been duly and regularly held.

It is urged, however, that there is nothing in this record to show that the council had any authority to order an election for the reason that there is nothing to show that a petition signed by forty per cent. of the electors was ever presented to the council asking for such election, and that raises an important question. There being no certificate presented in this case of the council records, showing an election, it was probably incumbent upon the state to show that an election had been held, and that it had been duly authorized and that the council had taken the proper steps.

If there had been a proper certificate as the statute directs, that would have made a *prima facie* case in itself. The records of the council of June 2, 1902, when this matter was considered, and which were offered in evidence, show that under the head of new business a petition was presented praying for an election under the Beal Local Option Law, and, after due consideration, it was moved and seconded that the council order an election

held in the corporation June 30, 1902; and then follows the vote on the motion, or call of roll, showing all the votes in the affirmative. It is said there is nothing in the record showing that this petition was in fact signed by forty per cent. of the qualified electors of the municipality, and it is true that this does not appear affirmatively from this record. It does appear, however, that a petition was presented to the council praying the council to call an election under the Beal Local Option Law.

The Beal Law provides that when forty per cent..of the qualified electors of any municipality shall petition the council thereof for the privilege to determine by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited within the limits of such municipal corporation, such council shall order a special election to be held, etc., and it appears from this record of the council that the council did act upon this petition which was presented, and they acted in accordance with the provisions and terms of the Beal Law and ordered an election on the 30th of June following; and we are of the opinion that the council having acted, as the record shows it did, by ordering this election, the presumption is that the petition was in due and legal form, and that it was signed by the requisite percentage of the qualified electors of the municipality, and, in the absence of any evidence to the contrary, that presumption is sufficient. A presumption is in the nature of evidence, and, until it is overcome by other evidence, it stands as proof of the fact in question. We think the general rule is that where a duly and legally constituted legal body, has acted, that the presumption is, in the absence of any evidence to the contrary, that it acted lawfully, and that it had before it sufficient facts to warrant it in acting. This record shows that the petition was presented to the council, praying that the council fix a time for an election, and the council, acting upon that petition, upon motion duly seconded, and on call of the roll, duly passed the resolution fixing the time, and the presumption is that that petition was in accordance with the statute.

*Coombs* v. *Lane,* 4 Ohio State, 112, is in point upon this general question. The first paragraph of the syllabus is:

"In respect to all official acts, the law will presume all to have been rightfully done, unless the circumstances of the case overturn this presumption; and, consequently, acts done which presuppose the existence of other acts to make them legally operative, are presumptive proof of the latter."

The opinion was delivered by Judge Thurman, then Chief-Justice and he says (p. 148):

"In *Ward* v. *Barrows*, 2 Ohio St., 241, 246, this court, speaking of official acts, said: 'The law will presume all to have been rightfully done, unless the circumstances of the case overturn this presumption, and, consequently, as stated by the Supreme Court of the United States, in *Bank of the U. S.* v. *Dandridge,* 25 U. S., (12 Wheat.), 64, 70, acts done which presuppose the existence of other acts to make them legally operative, are presumptive proof of the latter.'

"And, again: 'Facts presumed are as effectually established as facts proved where no presumption is allowed; and hence, in accordance with this long-established rule of evidence, the court, in *Lessee of Winder* v. *Starling*, 7 Ohio (pt. 2), 190, were entirely justified in saying that the act of the auditor in allowing the credit and making the certificate, which could only lawfully be done after the delinquent list had been verified by the collector, was presumptive proof that the oath had been administered.'"

The court say the law will presume all to have been rightfully done unless the circumstances of the case overturn this presumption, and, consequently, acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter; and it seems to us where the records of the council show that a petition was presented to the council praying it to call an election under the Beal Local Option Law, and that the council considered the petition, and that after due consideration it was moved that the election be held upon a certain date, and carried unanimously, that this raises a presumption that all had been done that was necessary to authorize the council to order this election; that it raises a presumption that the petition that was presented was sufficient under the law to warrant the action of the council; and there being no evidence to the contrary, no evidence offered by the defendant that this

petition was not according to law, that it stands as proved by reason of this presumption.

Another case in point is *Reynolds* v. *Schweinefus*, 27 Ohio St., 311, 312. The court say in the third paragraph of the syllabus:

"Where it appears by the proceedings of the city council that a report and recommendation of the board of city improvements had been made to it, and that thereupon the city council proceeded to make the improvement so recommended, it will be presumed, until the contrary is shown, that such report and recommendation of the board of city improvements was duly and properly made."

It was necessary here that this report should be made in a certain manner, but the council, having acted upon the report, the Supreme Court says it will be presumed until the contrary is shown that such report and recommendation of the board of city improvements was duly and properly made. The court say in the opinion on page 319:

"From these proven facts we are authorized to infer as a fact that a recommendation of the board of city improvements was for this work made at a regular meeting of the board, and that such recommendation was reported to the city council in sufficient form, thereby making a *prima facie* case in favor of the jurisdiction of the city council over the subject matter. This being the effect of the record evidence, the burden of proof is shifted upon the defendant to make manifest a want of jurisdiction."

In the absence of any evidence to the contrary, it will be presumed that the council had jurisdiction to act when it ordered this election. A case was cited by plaintiff in error, 1 C. C.—N. S., page 489, entitled "In the matter of the local option election in the village of Huntsville, Logan county, Ohio." The judge delivering the opinion states that it is necessary that it affirmatively appear that forty per cent. of the qualified electors sign the petition; that that will not be presumed from the action of the council, but the opinion shows that in that case this matter was referred to a committee, and it reported to the council that forty per cent. of the qualified electors had signed the petition, and the report was accepted and acted upon

by the council by unanimous vote, and the court held that was
sufficient. So that the question we have here was not squarely
·before that court, and the remarks of the learned judge deliver-
.ing the opinion may have been made without full consideration
of the question. After a careful examination of the question
.and of the authorities, we are satisfied that the record of the pro-
ceedings of the council in this case is sufficient, in the absence
of anything to the contrary, to show that the council had juris-
·diction to act.

It is alleged that the affidavit is insufficient for the reason
that it does not set forth to whom the liquors were sold. The
charge in this case was not selling liquor to any specified person,
but the charge was the keeping of a place for the sale of in-
toxicating liquors, and it was not necessary in such a case to
set forth. to whom the liquor was sold. The question was,
whether defendant kept a place for the sale of intoxicating
liquor. He may have sold to one or more persons, and it was
not necessary to state in the affidavit who they were. It has
been held that where the charge was the sale to some specific
person, that it was necessary to set forth the name of the person
to whom the sale was made, but there is a difference of opinion
between courts as to whether it is necessary in such cases to set
forth the name or names of the persons to whom the sale or
sales were made.

The defendant was fined three hundred dollars—one hundred
dollars on each count in the affidavit—and this is claimed to have
been erroneous. The statute provides for a fine of not more than
·two hundred dollars nor less than fifty dollars for the first offense,
·and for the second offense not more than five hundred dollars
nor less than one hundred dollars, and for any subsequent of-
fense a fine not less than two hundred dollars and imprison-
ment of not more than sixty days and not less than ten days.

There were three counts in this affidavit charging the defend-
ant with the keeping of a place for  the sale of intoxicating
liquors on different dates. There was no charge or claim that
he had ever before been convicted of a violation of this act; no
allegation of that kind was in the affidavit, and following a recent
decision of the Supreme Court in the case of *Carey* v. *State,*

found in *The Ohio Law Reporter* of April 18, 1904 [*Carey* v. *State*, 70 O. S., 121], we are of the opinion that the mayor erred in imposing the sentence of a fine of three hundred dollars—one hundred dollars upon each conut.   The last two paragraphs of the syllabus of the case above cited are as follows:

"The term 'offense' as used in the last named section, is the equivalent of conviction.   Hence, an affidavit for prosecution. under said act which charges three separate sales to different persons on the same day, but does not allege a previous conviction, is in legal effect a charge of a first offense only, and the party so charged is not entitled to be tried by a jury.

"The maximum fine provided by the act for the first offense being two hundred dollars only, a fine of three hundred dollars is in such case excessive and erroneous."

"Judgment of the circuit court, the court of common pleas and the mayor's court reversed, and the case remanded to the latter court for sentence."

There being no allegation in the affidavit here of any previous conviction, it seems to us, as said by the Supreme Court, that this entire charge must be treated as a charge of a first offense, and the maximum fine for the first offense being only two hundred dollars, it was error for the mayor to impose a fine of three hundred dollars.   It does not vary the rule that the charges were put in the affidavit under separate counts.

The judgment of the court of common pleas and of the mayor's court will be reversed on account of the error in the sentence imposed by the mayor, and the case remanded to the mayor for sentence.

The effect of this, of course, is, that while the judgment is reversed and the case remanded, the only thing to be done by the mayor is to re-sentence the defendant in accordance with this opinion, and not to impose a fine in excess of two hundred dollars.   In all other things the effect of this judgment is to affirm the judgments of the mayor and of the court of common pleas.    This reversal will be at the costs of the defendant in error.

*Benj. F. James* and *Shefler & Campbell,* for plaintiff in error.

*E. G. McClelland,* Prosecuting Attorney, and *W. B. Wheeler,* for defendant in error.